**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark SKILES, Defendant–Appellant.**

**No. 12–30055.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2013.

Filed April 16, 2013.

Helen J. Brunner, Esquire, Assistant U.S., Nicholas W. Brown, Assistant U.S., Bruce Miyake, Assistant U.S., Matthew Richard Pittman, Special Assistant U.S., Roger Scott Rogoff, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Karen L. Unger, Karen L. Unger, P.S., Port Angeles, WA, for Defendant–Appellant.

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Mark Skiles appeals his conviction for unlicensed dealing in firearms[1] and for conspiracy to so deal.[2] We affirm.

(1) Skiles first asserts that the evidence was not sufficient to support the verdict. We disagree. We have carefully reviewed the record, and it is apparent that the evidence was sufficient to establish the elements of the offenses of dealing in firearms without a license[3] and conspiracy so to do[4] beyond a reasonable doubt.[5] Simply put, there was sufficient evidence to demonstrate beyond a reasonable doubt that Skiles willfully engaged in the business of dealing in firearms without a federal firearms license, and that he conspired to do so. It is apparent that the jury credited the testimony of his former partner and the agents, together with the other evidence, rather than his testimony. We reject his invitation to reject that jury determination. *See United States v. Alvarez,* 358 F.3d 1194, 1201–02 (9th Cir.2004); *Leonard v. United States,* 324 F.2d 911, 913 (9th Cir.1963). There was no error, much less plain error.

(2) Skiles also claims that § 922(a)(1)(A) is unconstitutionally vague. On this record,[6] we are unable to say that as applied to the facts and circumstances of this case,[7] the statute is unduly vague. Skiles was sufficiently informed of its standards; indeed, the evidence was sufficient to establish that he knew that his activities were illegal.

AFFIRMED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**1.** *See* 18 U.S.C. § 922(a)(1)(A).

**2.** *See* 18 U.S.C. § 371.

**3.** *See* 18 U.S.C. §§ 921(a)(11)(A), (a)(21)(C), (a)(22), 922(a)(1)(A); *Bryan v. United States,* 524 U.S. 184, 191–92, 118 S.Ct. 1939, 1945, 141 L.Ed.2d 197 (1998); *United States v. Breier,* 813 F.2d 212, 213–14 (9th Cir.1987); *United States v. Angelini,* 607 F.2d 1305, 1309 (9th Cir.1979); *United States v. Van Buren,* 593 F.2d 125, 126 (9th Cir.1979) (per curiam).

**4.** *See supra* note 3; 18 U.S.C. § 371; *United States v. Rizk,* 660 F.3d 1125, 1134 (9th Cir. 2011).

**5.** *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Nevils,* 598 F.3d 1158, 1163–65 (9th Cir.2010) (en banc). We note that because the issue was not properly preserved at trial, our review is for plain error. *See United States v. Cruz,* 554 F.3d 840, 844 (9th Cir.2009); *see also* Fed.R.Crim.P. 29(a).

**6.** *See United States v. Naghani,* 361 F.3d 1255, 1259 (9th Cir.2004) (de novo review).

**7.** *See United States v. Harris,* 705 F.3d 929, 930 (9th Cir.2013); *United States v. Broncheau,* 597 F.2d 1260, 1263 (9th Cir.1979); *see also Naghani,* 361 F.3d at 1259–61.